## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02123-DME-MEH

DAY IMAGING, INC., d/b/a LEGACY IMAGING, INC.,

       Plaintiff,

v.

COLOR LABS ENTERPRISES, L.L.C.,
COLOR LABORATORIES, L.L.C.,
HOWARD BRAND, individually,
JOSPEH VARRAVETO, individually

---

### ORDER GRANTING MOTION TO REMAND

---

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Dkt. 13), filed September 30, 2009.  This case, which involves solely state court claims, was removed from state court on diversity grounds.  For reasons discussed below, the Court GRANTS Plaintiff's Motion to Remand (Dkt. 13) and DENIES as moot the defendants' pending motions, which are the Motion to Dismiss for Lack of Jurisdiction Plaintiff's Amended Complaint (Dkt. 8), filed September 9, 2009, and the Motion to Dismiss Plaintiff's Second Claim for Relief (Dkt. 9), filed September 11, 2009.

### BACKGROUND

Plaintiff Legacy Imaging entered into a contract with Defendants Color  Laboratories, LLC and Color Labs Enterprises, LLC (collectively, the "entity defendants").  Defendant Joseph Varraveto is the President and CEO of Color Labs Enterprises, and Defendant Howard Brand is "the major owner" of Color Laboratories.  (Dkt. 13 at 2 ¶3.)  Under the contract, Legacy Imaging would design, develop, and produce ink cartridges for Color Labs; the parties also executed a

1

non-compete agreement with this contract.  Legacy Imaging now raises five different <u>state law</u> claims related to these contractual agreements.[1]

Legacy Imaging filed the original complaint on September 5, 2008, and asserted claims against only the entity defendants.  The entity defendants were served on September 24, 2008.  On June 19, 2009, Legacy Imaging filed an Amended Complaint adding new claims and the individual defendants to the action.  The individual defendants, Brand and Varavetto, were not served until August 11, 2009, and August 19, 2009, respectively.  The individual defendants filed a notice of removal on September 4, 2009.  This notice of removal, however, failed to contain the consent of the entity defendants and failed to attach all the required state court documents.  The missing documents were filed on October 12, 2009, and the entity defendants subsequently filed their notice of consent on October 20, 2009.  Although the parties dispute when the notice of removal had to be filed, the latest possible date it could have been filed was September 19, 2009.  Thus, the defendants' efforts to cure their procedurally defective notice of removal occurred after the period for removal expired.

## DISCUSSION

Legacy Imaging urges the Court to remand for two reasons: (1) the defendants' notice of removal was untimely; and (2) the notice of removal was procedurally defective.  Naturally, the defendants counter that the notice was timely and that remand is not justified because they cured the defects, albeit after the period for removal had expired.  Although the Court pauses to note the difficult timeliness question raised in this matter, it declines to address that issue.  Even

---

[1] The Amended Complaint asserts a breach of contract claim for $71,404.61 against only the entity defendants.  It also has four claims against all defendants: (1) civil theft, (2) conversion, (3) fraud, and (4) a claim seeking declaratory relief from the non-compete agreement.  (Dkt. 1 at 2-5.)

assuming the notice was timely, the Court concludes that remand is appropriate because the notice of removal was procedurally defective.

a. Timeliness

The issue of timeliness raises two sub-issues:  (1) whether the action as originally filed was removable; and (2) if so, whether the thirty day window for removal is measured solely from when the first defendant was served a removable complaint (i.e., the "first-served" rule) or whether each subsequently added defendant gets a new thirty day window to file a notice of removal that the earlier-served defendants can join (i.e., the "last-served" or "each-defendant" rule).  As to the second sub-issue, the Tenth Circuit has not resolved this matter, see Smith v. Time Ins. Co., No. 08-00419, 2008 WL 4452147, *3 (D. Colo. Sept. 30, 2008) (noting the absence of Tenth Circuit guidance), and it has split the circuit courts, compare McKinney v. Bd. Of Trustees of Maryland Community College, 955 F.2d 924, 928 (4th Cir. 1992) (dicta) (implicitly adopting first-served rule, or a hybrid thereof, by allowing individual defendants 30 days from service to join "an otherwise valid removal petition" (emphasis added)), and Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986) (adopting first-served rule), with Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1204, 1208 (11th Cir. 2008) (affirming denial of remand after finding removal timely under last-served rule even where all defendants were represented by same attorney), and Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753,  754-58 (8th Cir. 2001) (adopting last-served rule), and Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 532-34 & n.3 (6th Cir. 1999) (adopting last-served rule and allowing first-served defendant to consent to later-served defendant's notice of removal "despite having already failed in its own effort to remove").  It has also divided courts within this district.  Compare Smith, 2008 WL 4452147, *2-3 (D. Colo. Sept. 30, 2008) (Blackburn, J.)

3

(adopting first-served rule), and Fagin v. Day, No. 07-00426, 2007 WL 2990620, *2 (D. Colo. Oct. 11, 2007) (Miller, J.) (same), and Smola v. Trumbull Insurance Co., 317 F.Supp.2d 1232, 1233 (D. Colo. 2004) (Nottingham, J.) (same), and Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG, 335 F.Supp.2d 1131, 1133-34 (D. Colo. Aug. 19, 2004) (Kane, J.) (same), with Hartford Steam Boiler Inspection and Ins. Co. v. Riviera Elec., L.L.C., No. 05-01797, 2006 WL 1046962, *2 (D. Colo. April 19, 2006) (Daniel, J.) (adopting the last-served rule at least where defendants are added by amended complaint); see also, 14C Wright & Miller, et al., Federal Practice & Procedure § 3731 n.96 & n.101 (4th ed. 2009) (compiling district court cases on both sides).

Fortunately, the Court need not choose sides in this debate.  Even if we assume defendants' timely filed their notice of removal, as elaborated on below, we would still remand this action because the notice of removal was procedurally defective.  Therefore, we decline to decide whether defendants' notice of removal was timely and simply assume, without deciding, that it was timely.

b.  Defective Notice of Removal

Legacy Imaging next argues that even if the notice of removal was timely filed, its procedural defects—failure to obtain the consent of all defendants and failure to attach all required state court documents—require this court to remand the case.  The defendants argue that because they cured these defects, albeit after the period for removal had expired, the defects no longer justify remand.

Here, two procedural defects are conceded.   First, the notice of removal failed to contain the consent of the entity defendants.  See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant . . . . did not join in the petition for removal and the petition was thus

procedurally defective."); <u>Sheet Metal Workers Intern. Ass'n, AFL-CIO v. Seay</u>, 693 F.2d 1000,

1005 n.8 (10th Cir. 1982).  Second, the notice of removal failed to contain "a copy of all process,

pleadings, and orders served upon such defendant or defendants in such action" as required by

the removal statute.  <u>See</u> 28 U.S.C. § 1446(a).  The defendants later cured these defects, but did

so after September 19, 2009,[2] the latest possible date for when the 30-day window for

removability had shut.

    Legacy Imaging contends that this court <u>must</u> remand and lacks the discretion to retain

the action in federal court because the notice of removal was not cured until after the time for

filing a notice of removal had lapsed.  Whether such discretion exists where the defect is a failure

to include all of the required state court materials is an unsettled issue.  <u>Compare</u> <u>Kinateder v.

American Family Mut. Ins. Co of Wisc.</u>, No. 08-02263, 2009 WL 539668, *1-2 (D. Colo. March

4, 2009) (Blackburn, J.) (remanding where defendant did not cure failure to attach all documents

within removal period because of need to strictly construe removal statute); <u>Durand v. Hartford

Life and Acc. Ins. Co.</u>, No. 07-00614, 2007 WL 1395336, *1 (D. Colo. May 9, 2007) (Krieger,

J.) (same), <u>with</u> <u>Riehl v. National Mutual Insurance Co.</u>, 374 F.2d 739, 741 (7th Cir. 1967)

(describing failure to include the state court complaint as "a minor irregularity of no

consequence"); <u>Covington v. Indemnity Insurance Co. of North America</u>, 251 F.2d 930, 933 (5th

Cir. 1958) (explaining that attaching required documents is "merely modal and formal"); <u>Bonner

---

[2] The entity defendants filed an <u>Answer and Jury Demand</u> (Dkt. 7) and a <u>Motion to Dismiss Plaintiff's Second Claim for Relief</u> on September 9, 2009.  (Dkt. 8.)  Arguably, these filings could be viewed as manifesting the entity defendant's consent.  <u>See</u> 14C WRIGHT & MILLER § 3730 at 440 ("[A]ll of the defendants in the state court action must consent to the removal, and the notice of removal must be signed by all of the defendants, although other forms of manifested consent may be acceptable to the federal court.").  The defendants did not raise this argument, but the Court would have rejected it were it raised.  First, these filings do not comport with the requirements for consenting to removal.  Second, these filings are inherently ambiguous about the entity defendants' preference of forum, thereby foreclosing the Court from inferring consent.

v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting Fifth Circuit

decisions issued prior to October 1, 1981, as binding precedent); Peterson v. BMI Refractories,

124 F.3d 1386, 1393 (11th Cir. 1997) (citing Covington positively in an opinion issued after 28

U.S.C. § 1447(c) was amended in 1988 to contain the language relied on by the more restrictive

strand of cases); Yellow Transportation Inc., v. APEX Digital, Inc., 406 F.Supp.2d 1213, 1217-

18 (D. Kan. 2005) (Lungstrum, J.) (adopting the discretionary approach based on Covington,

Bonner, Riehl, and St. Paul & Chicago Rwy. Co. v. McLean, 108 U.S. 212 (1883)).  Similarly,

whether remand is required because of a defect in obtaining consent that is cured only after the

removal period has expired is also not entirely certain.  Compare Glvoer v. W.R. Grace & Co.,

Inc., 773 F.Supp. 964, 964-65 (E.D. Tex. 1991) (denying motion to remand even though one

defendant failed to manifest consent until four days after the thirty day removal period had

expired), with Yellow Transp., Inc., 406 F.Supp.2d 1213, 1217 (reading Cornwall, 654 F.2d at

686-87, as possibly suggesting remand might be warranted in such circumstances).  The Court,

however, need not choose sides in this debate either.  Assuming, without yet deciding, that a

district court has discretion in these circumstances, the Court would nevertheless remand the

action to state court.

In this case, the Court believes remand to the state court is justified by the procedural

defects.  The notice of removal was defective in more than one way, which suggests a disregard

for the procedural requirements as opposed to mere mistake.  The defendants did not cure these

defects until mid-October, and the removal period expired, at the latest, on September 19, 2009.

Yet, neither the individual defendants nor the entity defendants made any effort to explain or

justify the procedural defects of their tardiness in curing the defects.  Additionally, the

defendants have offered no reason why a federal forum is better than a state forum; the Amended

Complaint alleges purely state issues that a state court can competently address and there is no suggestion that the state court harbors any hostility towards the defendant.  Finally, this case has proceeded in state court for a significant period of time and only recently been removed to federal court.  Because parties have taken very little action in federal court, few federal resources have been expended in this action and no inefficiencies would result from remanding.  Therefore, the Court, even assuming it has the discretion to retain the action in federal court, concludes that it is more appropriate to exercise its discretion to remand the action to state court.

## CONCLUSION

THE COURT HEREBY GRANTS Plaintiff's Motion to Remand (Dkt. 13), filed September 30, 2009, and orders the action REMANDED to state court.  In doing so, the Court also grants Legacy Imaging's request for attorneys' fees and costs incurred "as a result of removal."  See 28 U.S.C. § 1447(c).  The Court further DENIES as moot the Motion to Dismiss for Lack of Jurisdiction Plaintiff's Amended Complaint (Dkt. 8), filed September 9, 2009, and the Motion to Dismiss Plaintiff's Second Claim for Relief (Dkt. 9), filed September 11, 2009.

DONE AND SIGNED this  11th   day of    December  , 2009.


BY THE COURT:

s/ David M. Ebel

_____

U. S. Circuit Court Judge

7