IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02123-DME-MEH

DAY IMAGING, INC., d/b/a LEGACY IMAGING, INC.,

    Plaintiff,

v.

COLOR LABS ENTERPRISES, LLC,
COLOR LABORATORIES, LLC,
HOWARD BRAND, individually, and
JOSEPH VARRAVETO, individually,

    Defendants.

---

### RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

---

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Expenses [<u>filed December 28, 2009; docket #23</u>]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the Motion is referred to this Court for recommendation. (Docket #24.) For the reasons stated below, the Court RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Expenses be **granted in part** and **denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de novo</u> determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

The Background stated in the District Court's Order Granting Motion to Remand is incorporated by reference. (*See* docket #22.) In that Order, the District Court granted Plaintiff's Motion to Remand and denied as moot Defendants' previously pending motions to dismiss. (*Id.* at 1.) The District Court concluded "remand is appropriate because the notice of removal was procedurally defective." (*Id.* at 3.) The District Court acknowledged that "[t]he notice of removal was defective in more than one way, which suggests a disregard for procedural requirements as opposed to mere mistake." (*Id.* at 6.) In granting the motion, the Court also granted Plaintiff's request for attorneys' fees and costs incurred "as a result of removal," pursuant to Section 1447(c) of 28 U.S.C. (*Id.* at 7.)

Plaintiff subsequently filed the motion presently referred to this Court. (Docket #23.) Defendants responded, and Plaintiff replied. For the following reasons, the Court recommends that Plaintiff's motion be granted in part and denied in part.

**II.    Discussion**

Section 1447(c) of 28 U.S.C. provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff requests a total of $17,588 in fees plus $364 in expenses. (Docket #30 at 6; docket #30-3 at 3.) Plaintiff claims two attorneys and two paralegals spent 27.7 hours performing work duties related to the Motion for Remand in this matter. (Docket #23-2 at 10.) One attorney, T.M. Rastello, is a litigation partner and bills at a rate of $425 per hour. The other attorney, M.B. Wiletsky, is a litigation associate and bills at at a rate of $315 per hour. The two paralegals, C.J. Leffler and K.L. Kinnear, bill at rates of $175 per hour. (*Id.*) The summary of fees and expenses indicates $364 was billed for computerized legal research. (*Id.*)

Defendants challenge Plaintiff's assertions in its motion and contend that the hours and dollar amounts claimed should be reduced. (*See* docket #26.) Specifically, Defendants argue that M.B. Wiletsky, the litigation associate, should reduce his billed time by at least 10.7 hours total, and T.M. Rastello, a litigation partner, should reduce his time by 4.7 hours total. (*Id.* at 6.) Defendants believe the time billed by the paralegals should be "removed as secretarial tasks," and the amount charged for legal research should be removed as overhead costs. (*Id.*) By the Court's calculation, it appears that Defendants agree to pay for 7.4 hours by M.B. Wiletsky and 3.5 hours by T.M. Rastello, for a total of $3,818.50.

Pursuant to the plain language of Section 1447(c), the Court believes "secretarial tasks" and "overhead costs" such as legal research fees are potentially compensable as "just costs and any actual expenses." After review of the docket in this matter, the Court concludes the Unopposed Motion for Stay Pending Decision on Plaintiff's Motion to Remand filed by Plaintiff (docket #12), Plaintiff's Motion to Remand and accompanying exhibits (docket #13), the Reply in support of the Motion to Remand (docket #21), this Motion for Attorneys' Fees and Expenses and accompanying affidavit and billing statements (docket #23), and the Reply in support of this Motion for Attorneys' Fees and Expenses and accompanying affidavit and exhibits (docket #30) are fairly incurred as a result of the removal, consistent with Section 1447(c).

Based on the Court's experience and its evaluation of reasonableness in the matter at hand, and after review of the District Court's order granting remand, the Court determines as follows. Regarding the Motion for Remand, it is reasonable for the associate to spend five hours total on drafting and research, for the partner to review and discuss the motion for two hours, and one hour for the paralegal to assist the associate and partner and assemble and file the motion. Considering the submitted invoices, the Court deems it proper to bill five hours at $315 per hour, $425 per hour

for two hours, and $175 for one hour of work by a paralegal. Regarding the Reply in support of the Motion for Remand, it is reasonable for the associate to spend four hours total on drafting and research, for the partner to review and discuss the reply for one hour, and one hour for the paralegal to assist the associate and partner and assemble and file the reply. Considering the submitted invoices, the Court deems it proper to bill four hours at $315 per hour, $425 for one hour, and $175 for one hour. As the unopposed Motion to Stay also was filed as a result of the removal and subsequent Motion for Remand, the Court deems it reasonable for the associate to spend one hour on drafting and research at a rate of $315 per hour and for the partner to review and discuss the motion for thirty minutes at a rate of $425 per hour.

Regarding the Motion for Attorneys' Fees and Expenses, the Reply in support of the motion, and the accompanying affidavits and billing statements, the Court concludes it is reasonable for the associate to spend a total of four hours on research and drafting, the partner to spend two hours in discussion and review, and a paralegal to spend five hours synthesizing billing information, assisting the associate and partner, and assembling and filing the motion and reply. The Court deems it proper to bill four hours at $315 per hour, $425 for two hours, and $175 for five hours.

Therefore, the Court recommends Plaintiff's Motion be denied insofar as the amount requested and granted in that Plaintiff should be awarded a total of $7,972.50.

## III. Conclusion

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Expenses [filed December 28, 2009; docket #23] be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiff be awarded $7,972.50 in just costs and actual expenses incurred as a result of the removal, as stated herein.

Dated at Denver, Colorado, this 5th day of March, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge